UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 6:08-CR-133-GFVT-3 |
| | ) | |
| JASON JERVIS, | ) | RECOMMENDED DISPOSITION |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

*** *** *** ***

The Court, on referral (D.E. 120), considers reported violations of supervised release conditions by Defendant Jason Jervis. On March 4, 2009, Defendant pled guilty to conspiring to distribute cocaine in violation of 21 U.S.C. § 846 and distributing cocaine in violation of 21 U.S.C. § 841(a)(1). (D.E. 48). On June 25, 2009, District Judge VanTatenhove sentenced Defendant to a term of imprisonment of 37 months, followed by a three-year term of supervised release. (D.E. 99). Defendant began his supervised release term on January 21, 2011.

## I. BACKGROUND

On July 5, 2011, the United States Probation Office (USPO) issued a Supervised Release Violation Report, and secured a warrant from the District Judge. The Report charges Defendant with violating Standard Condition #7, which provides that "the defendant . . . shall not purchase, possess, use, distribute, or administer any controlled substance . . . except as prescribed by a physician." Specifically, the Report alleges that Defendant tested positive for marijuana use on May 24, 2011. Additionally, the Report charges Defendant, in Violation #2, with violating the supervised release condition which provides that "[t]he defendant shall not commit another

federal, state, or local crime." The Report reasons that the use of a controlled substance as alleged in Violation #1 is the equivalent of possessing the controlled substance in violation of 21 U.S.C. § 844(a). Finally, Violation #3 charges Defendant with violating a special condition of his release which required Defendant to participate in a substance abuse program. According to the Report, Defendant was discharged from the substance abuse program for continued non-compliance.

On January 12, 2012, the Court conducted an initial appearance pursuant to Rule 32.1, and set a final hearing following a knowing, voluntary, and intelligent waiver of the right to a preliminary hearing. (D.E. 122). The Court conducted a final revocation hearing on January 24, 2012, at which Defendant was afforded all rights due under Rule 32.1 and 18 U.S.C. § 3583. (D.E. 129). At the final hearing, Defendant competently entered a knowing, voluntary, and intelligent stipulation to Violation #2, and the United States moved to dismiss the remaining violations which, given they are of a lesser Grade than #2, would not affect the advisory imprisonment range. For purposes of Rule 32.1 proceedings, Defendant admitted the factual basis for the violation as described in the Report—that is, he admitted to having possessed marijuana. Thus, the United States established Violation #2 under the standard of § 3583(e).

## II. REVOCATION AND SENTENCE

Under § 3583(e)(3), a defendant's maximum penalty for a supervised release violation hinges on the gravity of the underlying offense of conviction. Defendant was convicted of a Class C felony, and the maximum revocation sentence provided under § 3583(e)(3) for such a conviction is imprisonment for two years. The Policy Statements in Chapter 7 of the Guidelines provide advisory imprisonment ranges for revocation premised on criminal history (at the time of original sentencing) and the "grade" of the particular violations proven. *See United States v.*

*Perez-Arellano*, 212 F. App'x. 436, 438-39 (6th Cir. 2007) ("Although the policy statements found in Chapter Seven of the United States Sentencing Guidelines recommend ranges of imprisonment, U.S.S.G. § 7B1.4, such statements 'are merely advisory' and need only be considered by the district court before sentence is imposed.") (citation omitted). Under § 7B1.1, Defendant's conduct would qualify as Grade B violation with respect to Violation #2. Given Defendant's criminal history category of IV (the category at the time of the underlying conviction in this District) and a Grade B violation, Defendant's Guidelines range, under the Revocation Table of Chapter 7, is 12 to 18 months.

In a case of this nature, Congress *mandates* revocation. By statute, the Court must revoke Defendant because he admittedly possessed a controlled substance. *See* 18 U.S.C. § 3583(g)(1) ("If the defendant . . . possesses a controlled substance . . . the court shall revoke the term of supervised release and require the defendant to serve a term of imprisonment . . . ."); *United States v. Pratt*, 297 F. App'x 475, 478 (6th Cir. 2008) ("§ 3583(g) provides for mandatory revocation where a defendant on supervised release possesses a controlled substance."). The only exception would be if a suitable treatment option, or Defendant's record of involvement in treatment, warranted relief. *See* 18 U.S.C. § 3583(d); *United States v. Crace*, 207 F.3d 833, 835 (6th Cir. 2000) (holding district court "required by 18 U.S.C. § 3583(g) to revoke the defendant's term of supervised release . . . unless defendant could come under the exception in 18 U.S.C. § 3583(d)"). Defendant did not rely upon this exception. Therefore, based upon Defendant's stipulation, revocation is mandatory in this case.

At the final hearing, the parties recommended that the Court revoke Defendant's supervised release, sentence Defendant to a term of imprisonment of 12 months and 1 day, and impose no additional term of supervised release. In addition to the parties' recommendation, the

Court has also considered all of the § 3553 factors imported into the § 3583(e) analysis. The Court agrees that revocation of Defendant's term of supervised release is warranted. In particular, the Court has carefully weighed the nature and circumstances of the offense and Defendant's particular history and characteristics, and has considered the need for the sentence imposed to afford adequate deterrence to criminal conduct. Furthermore, the Guidelines suggest that the *primary* wrong in the supervised release context is violation of the Court's trust by an offender; the particular conduct is an important but secondary issue. *See* Guidelines 7 Pt. A(3)(b) ("[A]t revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator."). Defendant has indeed breached the Court's trust here.

The Court is required to impose a sentence that is sufficient, but not greater than necessary, to address this breach of trust and the other statutory goals imported into § 3583(e). The Court is sympathetic to Defendant's mental health and family history, which are factors beyond Defendant's control. However, when sentenced in 2009, Defendant was only 25 years old, but already had a criminal history category of IV. Furthermore, Defendant has had a steady progression of noncompliance with court-imposed conditions. Numerous courts have tried getting through to Defendant, but have failed. Under these circumstances, the Court would be inclined to impose a term of imprisonment above the low-end of the Guidelines range. However, upon learning that a potential violation was pending in this District, Defendant took a bus from Florida to Kentucky to turn himself into the U.S. Marshals Service. Because of this good behavior, the Court finds that the parties' recommendation is reasonable. Thus, it is the recommendation of the undersigned that Defendant be sentenced to a term of imprisonment of 12 months and 1 day.

A court also may reimpose supervised release, following revocation, for a maximum period that usually subtracts any term of imprisonment actually imposed due to the violation. *See* 18 U.S.C. § 3583(b) & (h).  The post-revocation cap depends on the "term of supervised release authorized by statute for the offense that resulted in the original term of supervised release." *See* 18 U.S.C. § 3583(h).  The general supervision-term limits of § 3583(b) apply "[e]xcept as otherwise provided." *See id.* § 3583(b).  Here, the maximum term of supervised release would be life, *see* 21 U.S.C. § 841(b)(1)(C) (providing for a maximum term for supervised release of life for the underlying offense), less any revocation term imposed, *see* 18 U.S.C. § 3583(h).  Based upon the factors described above, the Court finds that an investment of further resources through supervised release is not appropriate in this case because Defendant has shown that he is not likely going to make good on that investment.  Additionally, the Court has been informed by the USPO that the supervising District in Florida is no longer willing to provide courtesy supervision of Defendant, making supervision impracticable.

### III.  RECOMMENDATION

Accordingly, the Court **RECOMMENDS**, based upon the violation found:

1. Revocation and imprisonment for a term of 12 months and 1 day.  The Court should recommend to the Bureau of Prisons that Defendant participate in any educational or drug treatment programs offered by the Bureau of Prisons for which he may qualify.  The Court should further recommend that Defendant be designated to the BOP facility that is nearest his home for which he qualifies.

2. No additional term of supervised release.

3. Grant the motion of the United States to dismiss Violations #1 and #3.  (D.E. 129).

4.        Given the stipulation, deny as moot Defendant's renewed motion to obtain a copy of his supervision file as maintained by the United States Probation Office. (D.E. 125).

Defendant's right of allocution under Rule 32.1 is preserved, as reflected in the record. Any waiver should comport with the Court's standard waiver form, available from the Clerk. Absent waiver, the matter will be placed on Judge VanTatenhove's docket upon submission.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of the statute. *See also* 18 U.S.C. § 3401(i). As defined by § 636(b)(1), within fourteen days after being served with a copy of this recommended decision, any party may serve and file written objections to any or all portions for consideration, de novo, by the District Court. Failure to make timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981); *Thomas v. Arn*, 106 S. Ct. 466 (1985).

This the 2nd day of February, 2012.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge